UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES of AMERICA** | ) ) ) | |
| v. | ) ) | **Criminal No.** |
| **JOSE M. AMARO,** | ) ) | **07-40019-FDS** |
| Defendant. | ) ) ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO REDUCE SENTENCE

**SAYLOR, J.**

Defendant Jose Amaro pleaded guilty in June 2008 to distribution of and conspiracy to distribute cocaine base. He now seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the Fair Sentencing Act's reduction of penalties for crack-cocaine offenses. For the reasons stated below, the motion will be denied.

**I.     Background**

On June 19, 2008, Jose Amaro pleaded guilty to (1) one count of conspiracy to distribute, and to possess with intent to distribute, five grams or more of cocaine base, in violation of 21 U.S.C. §846; (2) three counts of distribution of cocaine base, in violation of 21 U.S.C. §841(a)(1); and (3) one count of distribution of more than five grams of cocaine base, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(B)(iii).

On January 23, 2009, this Court conducted a sentencing hearing. The Court found that Amaro qualified as a career offender. (Am. J. at 7). The Court calculated that his total offense level was 31, his criminal history category was VI, and his guideline sentencing range was 188-235 months. (Am. J. at 7). However, after considering the factors enumerated at 18 U.S.C.

§3553(a), this Court varied from the guideline sentencing range and imposed a sentence of 132 months. (Am. J. at 2 and 9).

On December 23, 2011, Amaro filed a motion for a reduced sentence pursuant to 18 U.S.C. §3582(c)(2). In that initial motion, Amaro cited the 2010 amendments to the sentencing guidelines, which altered base offense levels for crack-cocaine offenses in order to conform to the Fair Sentencing Act of 2010 ("FSA" or "Act"). This Court denied the motion on March 1, 2012. *See* Electronic Order dated March 1, 2012. The First Circuit affirmed the decision on November 7, 2012, concluding, as had this Court, that Amaro was ineligible to seek a sentence reduction pursuant to 18 U.S.C. §3582(c) because he had been sentenced as a career offender. *See United States v. Amaro*, No. 12-1364, (1st Cir. Nov. 7, 2012).

On September 27, 2013, Amaro filed the present motion for a sentence reduction pursuant to 18 U.S.C. §3582(c). The motion seeks a reduction in light of the Fair Sentencing Act of 2010, which increased the threshold amount of crack cocaine required to trigger a mandatory-minimum sentence. Amaro contends that the basis for this second motion was not previously addressed by the Court, because the new motion is based on the statutory amendments to the FSA, not the guideline amendments.

**II.    Analysis**

Amaro contends that the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111–220, 124 Stat. 2372, should be retroactively applied to him and therefore, his sentence should be reduced to 95 months. The government contends that this Court is without jurisdiction to consider the motion; that it is barred by the doctrine of *res judicata* and law of the case; and that in any event the motion should be denied on the merits. Because the claim fails on the merits in any event,

the Court will not reach the other issues.

In *United States v. Gonclaves*, 642 F.3d 245, 254–55 (1st Cir. 2011), the First Circuit explicitly held that the FSA does not apply retroactively to persons whose wrongful conduct occurred *before* August 3, 2010, the FSA's effective date. *See United States v. Rigaud*, 812 F. Supp. 2d 38, 39 (D. Mass. 2011). Amaro's unlawful conduct occurred in 2007, and he was sentenced in January 2009, well before the FSA took effect.

Amaro nonetheless contends that *Gonclave* does not foreclose retroactive application of the FSA. He first argues that the FSA should apply retroactively due to equal-protection concerns and in order to further the purpose of the Act "to restore fairness to Federal cocaine sentencing." (Def.'s Mot. at 3). However, "discrepancies among persons who committed similar crimes are inescapable whenever Congress raises or lowers the penalties for an offense." *Gonclaves*, 642 F.3d at 253. *See Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012) ("We have explained how in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced.").

Moreover, a decision not to apply the FSA retroactively would violate equal protection only if the purpose in doing so was itself to discriminate. *Personnel Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 272 (1979). "Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences." *Feeney*, 442 U.S. at 279. *See United Jewish Organizations v. Carey*, 430 U.S. 144, 179 (1977) (concurring opinion) (internal quotation marks omitted). "It implies that the decisionmaker, in this case [Congress], selected or reaffirmed a particular course of action at least in part "because of," not merely "in spite of," its

adverse effects upon an identifiable group. *Feeney*, 442 U.S. at 279. No evidence suggests that Congress drew the line for the application of the FSA at post-enactment sentencing, thereby leaving final sentences undisturbed, for the purpose of perpetuating its disparate effects. Failure to apply the FSA retroactively does not constitute an equal-protection violation.

Plaintiff also contends that events in the legislature and commentary from the Department of Justice, subsequent to the enactment of the FSA, support its retroactive application. However, "individual statements made after the legislation has been adopted," regardless of who made them, "do not establish the views of Congress." *Gonclaves*, 642 F.3d at 253. *See Garcia v. United States*, 469 U.S. 70, 76 (1984). Moreover, there is no express, or even implied, language in the FSA to suggest that Congress intended it to have retroactive effect.

In short, the motion to reduce sentence will be denied, as the FSA does not apply retroactively to persons sentenced prior to the Act's effective date.

### III. Conclusion

For the foregoing reasons, defendant's motion to reduce sentence is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 2, 2013